Russell M. De Phillips, CSB #95034
  Email: rdephillips@surflaw.net
Roy L. Carlson, Jr., Esq., CSB #123553
  Email: rcarlson@surflaw.net
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff-by-the-Sea, California 92007
Telephone:  (760) 943-7103
Facsimile:   (760) 943-6750

Attorneys for Plaintiff, DOGGIE DENTAL INC.,
a California corporation

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| DOGGIE DENTAL INC., a California corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>IMRAN SHAHID, individually and doing business as PUPPY PAL, an unknown business entity,<br><br>                    Defendant. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, DOGGIE DENTAL INC. ("Plaintiff"), as and for its Complaint against Defendant IMRAN SHAHID, individually and doing business as PUPPY PAL, an unknown business entity, hereby alleges as follows:

### Nature of the Action

1. This is an action for copyright infringement under Section 501 of the Copyright Act.

2. This action arises out of Defendant's unauthorized reproduction and public display of copyrighted photographs of a pet/dog toy for oral hygiene and copyrighted photographs of the use of that pet/dog toy for oral hygiene (the "Photographs"). The

-1-

COMPLAINT FOR DAMAGES

Photographs and the copyright in the Photographs were originally owned and registered by Petros Dertsakyan aka Peter Dertsakyan, a California-based inventor of a pet chew toy and dental hygiene device and a photographer ("Dertsakyan"). The pet/dog chew toy and dental hygiene device (the "Device") is subject to the following pending patent applications: 15/472,206 and 29/663,715. Dertsakyan has submitted other Photographs for registration in which he claims a copyright, including photographs of the Device. Plaintiff is the licensee under an exclusive license agreement with Dertsakyan of the rights in the Photographs and the Device.

3. By this action, Plaintiff seeks, inter alia, monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 et seq.

## Jurisdiction and Venue

4. This claim arises under the Copyright Act, 17 U.S.C. § 101 et seq., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in California. Pursuant to a DMCA Counter Notice signed by Defendant under penalty of perjury, Defendant alleges that his address is PO Box 3664, 19630 Allendale Ave, Saratoga, CA 95070-9998, and that Defendant consents to the jurisdiction of the Federal District Court for the judicial district in which his address is listed above. A true and correct copy of Defendant's DMCA Counter Notice is attached hereto as Exhibit A and is incorporated herein by this reference.

6. Plaintiff invokes the supplemental jurisdiction of this Court over claims based upon the laws of the State of California pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this district under 28 U.S.C. § 1391.

8. Intradistrict Assignment. The claims in this action arose in Santa Clara County, California and venue is proper pursuant to Local Rule 3-2(e).

## The Parties

9. Plaintiff is a corporation organized and existing under the laws of the State of

COMPLAINT FOR DAMAGES

-2-

1  California, having a usual place of business at North Hollywood, California.

2  10. Plaintiff is informed and believes, and based thereon alleges, that Defendant IMRAN SHAHID, individually and doing business as PUPPY PAL, an unknown business entity ("Imran" or "Defendant") is an individual residing in the State of California, with his principal place of business in Santa Clara County, California.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant has owned, controlled, and operated a website at the URL: https://www.shoppuppypal.com/ (the "Website").

12. Plaintiff is informed and believes, and thereon alleges, that Defendant operates a for-profit entity.

## STATEMENT OF FACTS

A. Background and Plaintiff's Ownership of the Photographs

13. Dertsakyan, an inventor and photographer, invented the Device in or about January 2016. In or about March 2018, Plaintiff took photographs of the Device, including photographs of the Device being used by dogs. A true and correct copy of the Photographs is attached hereto as Exhibit B and is incorporated herein by this reference. These Photographs are the subject of the registered copyright.

14. The Photographs were published by Plaintiff on his website beginning in or about April 2018. See URL: https://www.bristly.com.

15. Dertsakyan is the author of the Photographs and, until entering into the license agreement, has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto. By virtue of the exclusive license agreement, since January 9, 2019, Plaintiff holds all rights to enforce the copyright to the Photographs.

16. The Photographs were registered with the U.S. Copyright Office and were given Copyright Registration Number VA 2122455, effective as of September 27, 2018 (the "Certificate"). A true and correct copy of the Certificate is attached hereto as Exhibit C and is incorporated herein by this reference. Other photographs were registered with the U.S. Copyright Office on August 23, 2018 and September 26, 2018, but no certificate has been registered ("Additional Photographs").

-3-

COMPLAINT FOR DAMAGES

### B. Defendant's Infringing Activities

17. Defendant posted the Photographs on his Website and his Facebook page and has been selling the Device without permission. The Photographs appeared on the Website at https://www.shoppuppypal.com/collections/best-sellers/products/dog-toothbrush-stick. A true and correct copy of the screenshots of the Photographs, Additional Photographs and Device as they appeared on the Website is attached hereto as Exhibit D and is incorporated herein by this reference.

18. Defendant did not license the Photographs or Device from Plaintiff or Dertsakyan for publication on his Website or any other use.

19. Defendant did not have Plaintiff's or Dertsakyan's permission or consent to publish the Photographs on the Website or to sell the Device.

20. On or about September 19, 2018, Dertsakyan provided notification to Shopify, host of Defendant's Website, of claimed infringement by Defendant pursuant to 17 U.S.C. § 512. A true and correct copy of the Acknowledgment: DMCA Takedown Notice is attached hereto as Exhibit E and is incorporated herein by this reference.

21. On or about November 2, 2018, Dertsakyan provided notification to Shopify, host of Defendant's Website, of claimed infringement by Defendant pursuant to 17 U.S.C. § 512. On or about November 9, 2018, Defendant submitted a DMCA Counter Notice pursuant to 17 U.S.C. § 512(g)(3). A true and correct copy of the Counter-Notice is attached hereto as Exhibit F and is incorporated herein by this reference.

22. On or about November 9, 2018, Dertsakyan notified Shopify that the Counter Notice was deficient.

23. On or about December 3, 2018, Defendant submitted an amended DMCA Counter Notice. A true and correct copy of the amended Counter-Notice is attached hereto as Exhibit A and is incorporated herein by this reference. Defendant denies any infringement. Dertsakyan has submitted additional DMCA Takedown notices.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement - 17 U.S.C. ¶¶ 106, 501)**

24. Plaintiff refers to the allegations contained in Paragraphs 1 through 23, inclusive, and incorporates those allegations herein as though fully set forth.

25. Defendant infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on his Website. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photographs or the Device.

26. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

27. Upon information and belief, the foregoing acts of infringement by Defendant has been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

28. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

29. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

30. Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

31. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF

**(Declaratory Judgment - Declaratory Judgment Act, 28 U.S.C. § 2201)**

32. Plaintiff refers to the allegations contained in Paragraphs 1 through 31, inclusive, and incorporates those allegations herein as though fully set forth.

COMPLAINT FOR DAMAGES

33. Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 for the purpose of determining and adjudicating questions of actual and substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

34. There is a real and actual controversy between Plaintiff and Defendant as to whether Defendant infringed Plaintiff's copyright by using the Photographs in furtherance of Defendant's unauthorized sale of the Device.

35. Plaintiff claims that the use of the Photographs on the Website and Facebook page infringes on Plaintiff's exclusive rights secured by the Copyright Act or any other state or federal law, including those laws prohibiting direct, contributory or vicarious infringement. Defendant claims there was and is no infringement.

36. Plaintiff is therefore entitled to a declaration and judgment that the unauthorized use of the Photographs did infringe Plaintiff's copyrights, or any other exclusive rights that Plaintiff might assert under state or federal law.

## THIRD CLAIM FOR RELIEF

### (Misrepresentation - 17 U.S.C. § 512(f))

37. Plaintiff refers to the allegations contained in Paragraphs 1 through 36, inclusive, and incorporates those allegations herein as though fully set forth.

38. Plaintiff is informed and believes and based thereon alleges that Defendant had actual or constructive knowledge that Defendant's use of Plaintiff's Photographs infringed on Plaintiff's "exclusive rights" protected by the Copyright Act, 17 U.S.C. § 106.

39. In Defendant's DMCA Counter Notice, purportedly issued under the authority of 17 U.S.C. § 512, Defendant knowingly and materially misrepresented "that material or activity was removed or disabled by mistake or misidentification." Defendant further knowingly and materially represented that he possessed valid and enforceable copyright in the infringing material. Rather, Plaintiff holds the exclusive rights to the Photographs.

40. Plaintiff has been and continues to be irreparably injured by Defendant's knowing

COMPLAINT FOR DAMAGES

-6-

and material misrepresentations and willful actions portraying Plaintiff's Device and Photographs as belonging to Defendant. Defendant's actions have proximately caused damage to Plaintiff, including but not limited to lost profits and goodwill, monetary damage and damage to reputation.

41. In light of the foregoing, any claim by Defendant that he was innocently seeking to sell its own property by use of its own photographs is simply a smoke-screen attempt to justify unwarranted interference in the lawful sale of Plaintiff's product in violation of the DMCA, 17 U.S.C. § 512(f). Plaintiff therefore seeks from the Defendant compensatory damages, statutory or enhanced damages, attorneys' fees and costs, and any other relief this Court deems appropriate.

## FOURTH CLAIM FOR RELIEF

**(Common Law Tortious Interference with Prospective Business Advantage)**

42. Plaintiff refers to the allegations contained in Paragraphs 1 through 41, inclusive, and incorporates those allegations herein as though fully set forth.

43. Plaintiff is informed and believes and based thereon alleges that Defendant knew of Plaintiff's business and economic relations with potential purchasers of the Device offered for sale by Plaintiff and that Plaintiff's expectancy of new sales to new customers would be disrupted by Defendant's knowing representations to Shopify that Defendant was not infringing Plaintiff's copyrights in order to continued its unauthorized sales.

44. Plaintiff is informed and believes and based thereon alleges that Defendant's conduct was independently wrongful in that, as set forth herein, Defendant in his written communications to Shopify falsely claimed that Plaintiff's notice to remove infringing material was a mistake or misidentification. Further, Defendant's conduct violates both the statutory and common law prohibition against unfair competition.

45. Defendant has committed such intentional acts with the design of disrupting Plaintiff's growing business relations and reaping for himself future economic benefit that would flow to Plaintiff. Such actions have caused and will continue to cause damage to Plaintiff, including but not limited to lost profits and goodwill, monetary damage and damage to reputation. Plaintiff therefore seeks from the Defendant compensatory damages, statutory or enhanced damages,

COMPLAINT FOR DAMAGES

attorneys' fees and costs, and any other relief this Court deems appropriate.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition - California Business and Professions Code § 17200 et seq. and at Common Law)

46. Plaintiff refers to the allegations contained in Paragraphs 1 through 45, inclusive, and incorporates those allegations herein as though fully set forth.

47. In violation of California's Unfair Competition law and for the purpose of preventing Plaintiff from competing during the shopping season, Defendant has engaged in unlawful, unfair and/or fraudulent business practices by selling the Device without authorization and infringing Plaintiff's copyrights. Said conduct likewise violated California's common law prohibition on unfair competition.

48. As a proximate result of the acts of Defendant as alleged herein, Plaintiff has suffered and will continue to suffer great damage, including lost profits.

49. Plaintiff has no adequate remedy at law for the acts of unfair competition as alleged herein. Unless this Court declares that Defendant's sale of the Device and use of the Photographs infringes upon any of Plaintiff's intellectual property rights and enjoins Defendant from selling the Device and from sending further false DMCA Counter Notices alleging otherwise, Plaintiff will suffer irreparable harm.

50. Defendant has committed such intentional acts with the design of disrupting Plaintiff's business relations and reaping for himself future economic benefit that would flow to Plaintiff. Such actions have caused and will continue to cause damage to Plaintiff, including but not limited to lost profits and goodwill, monetary damage and damage to reputation. Because such conduct is in violation of California's common law prohibition on unfair competition, Plaintiff therefore seeks from the Defendant compensatory damages, statutory or enhanced damages, attorneys' fees and costs, and any other relief this Court deems appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

### On the First Claim for Relief:

1.    That Defendant be adjudged to have infringed upon Plaintiff's copyright in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2.    That Defendant be ordered to remove the Photographs from its Website;

3.    That Plaintiff be awarded either: (a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or (b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.    That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5.    That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6.    That Plaintiff be awarded pre-judgment interest; and

7.    Such other and further relief as the Court may deem just and proper.

### On the Second Claim for Relief:

1.    For a declaration that Defendant's use of the Photographs on his Website infringes on Plaintiff's exclusive rights secured by the Copyright Act or any other state or federal law, including those laws prohibiting direct, contributory or vicarious infringement.

2.    For such other and further relief as the Court may deem just and proper.

### On All Other Claims for Relief:

1.    That the Court enter a permanent injunction prohibiting Defendant, his officers, agents, servants, employees, and/or all persons acting in privity or in concert or participation with them or any of them, from: (1) refusing the taking down any of Plaintiff's Photographs and Device products from the Shopify web site and any other online ecommerce site and (2) engaging in any course of conduct likely to cause injury to Plaintiff's business or reputation, now or in the future;

2.    A permanent injunction prohibiting the current service provider Shopify from

COMPLAINT FOR DAMAGES

refusing to take down Plaintiff's Photographs pursuant to § 512(c)(3) of the DMCA;

3. A declaratory judgment declaring pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 that (1) Plaintiff's use of the Photographs and sale of the Device infringe upon Plaintiff's copyrights and (2) Defendant's acts and practices violate 17 U.S.C. § 512, and an injunction against further violations; and award of damages sustained by Plaintiff, including interest, costs, and attorney fees;

4. An award of compensatory, consequential, statutory and enhanced damages in an amount to be determined at trial;

5. An award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action; and

6. All other relief to which Plaintiff is entitled.

DATED:   April 2, 2019           MILBERG & DE PHILLIPS, P.C.


By: /s/ Roy L. Carlson, Jr.
Russell M. De Phillips
Roy L. Carlson, Jr.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

DATED:   April 2, 2019          MILBERG & DE PHILLIPS, P.C.

By:  /s/ Roy L. Carlson, Jr.
    Russell M. De Phillips
    Roy L. Carlson, Jr.
    Attorneys for Plaintiff

COMPLAINT FOR DAMAGES                      -11-